■ In the Matter of the Claim of SHIRLEY S. TAYLOR, Appellant. COMMISSIONER OF LABOR, Respondent. [725 NYS2d 101] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 14, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Following a neck and shoulder injury, claimant, a housekeeper in a department store, returned to her employment in a light-duty capacity. She ultimately resigned from her position because she felt she was being required to perform tasks that were outside the parameters of her medical restrictions. The Unemployment Insurance Appeal Board disqualified claimant from receiving benefits on the basis that she voluntarily left her employment without good cause. Claimant appeals and we affirm.

The record discloses that, at the time claimant left her employment, the employer had been provided with a note from her physician recommending only that she not be required to

lift more than two or three pounds. On February 3, 2000, claimant was provided with a feather duster attached to a long pole, which was apparently within the weight restriction, and instructed to dust various fixtures above her head. After performing this task for nearly an hour, claimant indicated to her supervisor that she could no longer continue to dust because it was painful. The supervisor responded that she needed to finish dusting as a condition of employment. Claimant then told her supervisor that she quit. Claimant obtained a subsequent note from her physician on February 10, 2000 indicating that she should not perform work that requires reaching above her head. Notably, she made no effort to obtain such a note prior to leaving her employment and did not indicate to her employer that she was restricted from performing such task.

Given that claimant quit her job without first attempting to obtain a physician's note indicating that she was restricted from reaching over her head, we find that substantial evidence supports the Board's decision that claimant voluntarily left her employment without good cause (*see, Matter of Pitcher [Sweeney],* 231 AD2d 794; *Matter of Fonseca [New York State Elec. & Gas Corp.—Hudacs],* 201 AD2d 818). To the extent that claimant contended otherwise, this presented a credibility issue which the Board was entitled to, and did, resolve in the employer's favor (*see, Matter of De John [Commissioner of Labor],* 275 AD2d 848).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.